IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Ray Bulloch,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CIV 04-1335-PHX-MHM (JI)<br><br>**ORDER** |

    Petitioner proceeding pro se has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his criminal conviction obtained in the Superior Court, Maricopa County, State of Arizona. The matter was referred to United States Magistrate Judge Jay R. Irwin, who has issued a Report and Recommendation that recommends that the Petition should be denied (Doc. 13). Petitioner filed a response to the Report and Recommendation setting forth his objections. (Doc. 14). The Court permitted Petitioner to file amended objections to the Report and Recommendation. (Doc. 18).

**STANDARD OF REVIEW**

    The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed and for clear error for those facts to which no objections are filed. Id.

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case. Petitioner was charged with one count of possession of a narcotic drug for sale, a class 2 felony. Petitioner was a passenger in a car that was stopped for exceeding the speed limit. Petitioner could not provide identification but did provide the police with his name and was then informed of an outstanding misdemeanor warrant for his arrest. Petitioner was taken into custody and found to have 43 rocks of crack cocaine in his pocket.

Petitioner, who was 46 years old at the time and represented by counsel, entered into a written plea agreement in which he agreed to plead guilty to the charge with only one prior conviction. In return, Petitioner obtained a stipulation that his prison sentence would not exceed 9.25 years and the dismissal of other prior convictions and the commission of the offense while on probation. The plea agreement provided for a minimum sentence of six years or 4.5 years if the trial court made a finding of exceptional circumstances. (Doc. 10, Exhibit A).

During the change of plea hearing, Petitioner acknowledged to the trial court that he had in his possession over 40 rocks of crack cocaine at the time of the traffic stop. However, when asked by the trial court if any or some of the crack cocaine was for purposes of sale, Petitioner answered that none of it was for sale and that he was a user. When defense counsel advised Petitioner that the court could not accept his guilty plea if he insisted that he possessed the crack cocaine for possession and that Petitioner should tell the truth, Petitioner answered with words to the effect "if that's what it takes" followed by "yes", that some of the crack cocaine was for sale. The trial court accepted Petitioner's guilty plea and sentenced Petitioner to the presumptive term of 9.25 years, the maximum authorized under the plea agreement, and to a consecutive term of supervised release equal to one day for every seven days of the sentence. Petitioner did not file a direct appeal, having waived his appeal rights in the plea agreement. (Doc. 10, Exhibit A, p. 2).

In his Petition for relief under § 2254, Petitioner has alleged the following grounds: that his conviction is in violation of the Due Process Clause of the Fourteenth Amendment because his plea was not voluntary but coerced by counsel's threats to admit he possessed the cocaine for sale or proceed to trial; that counsel was ineffective because he mistakenly advised Petitioner as to the sentence he would receive if he proceeded to trial and was found guilty; the imposition of the consecutive term of supervised release following the term of imprisonment violated the Double Jeopardy Clause; and, denial of good time credits for his presentence incarceration violates his right of equal protection. The Magistrate Judge has recommended a finding in favor of Respondents' procedural default defense as to ground one but not as to grounds two through four. This Court adopts the Magistrate Judge's recommendation on this issue.

The Magistrate Judge has recommended denial on the merits of the claims asserted in grounds two through four of the federal habeas Petition. In his initial objections, Petitioner states that he concedes grounds one, three and four. (Doc. 14 at p. 1). Petitioner's initial objections address the Magistrate Judge's Report and Recommendation as to ground two. (Doc. 14).

Petitioner has objected to the Magistrate Judge's recommendation as to ground two, contending that, but for counsel's errors, he would have received a better plea bargain, citing United States v. Howard, 381 F.3d 873, 882 (9th Cir. 2004). (Doc. 14 at p. 2). Regarding his claim of ineffective assistance of counsel, the Supreme Court has held that a defendant who pleads guilty on advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56 (1985). To prevail, a petitioner must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., at 58-59.

1  As discussed in the Report and Recommendation, Petitioner was arrested on an outstanding warrant while in possession of the crack cocaine. Petitioner has not identified what portion of counsel's advice regarding the probability of success if he went to trial was incorrect. The quantity of crack cocaine that Petitioner possessed created an inference that he possessed the drugs with the intent to sell. (Doc. 10, Exhibit B at p. 11). Petitioner faced a possible 35-year term of imprisonment with two prior felony convictions under A.R.S. § 13-702.01(E). This potential period of incarceration would have resulted in Petitioner's imprisonment past 70 years of age. The Magistrate Judge observed that this effectively would have resulted in a life sentence. Petitioner pleaded guilty pursuant to a plea agreement that provided for 9.25 years of imprisonment, a sentence well below the possible 35-year term. The Magistrate Judge has recommended that Petitioner has not demonstrated any omission by counsel or resulting prejudice from counsel's advice.

Petitioner objects to the Magistrate Judge's recommendation by contending that he has multiple arrests for drug possession and that counsel should have argued for a mitigated sentence based on the negative impact of such "drug abuse". Petitioner objects that his multiple arrests for possession of narcotics show that he possesses drugs for personal use and not for sale, a point that counsel also should have argued at sentencing. Petitioner further objects that the state trial court should have considered his twenty-year drug abuse/addiction history as a factor in mitigation of sentence. Petitioner's objections do not appear related to his claim that but for counsel's alleged errors, he would have received a better "plea bargain." Rather, Petitioner's objections appear to relate to a claim that he would have received a "better sentence."

Petitioner has attached to his response to the Report and Recommendation a copy of the sentencing recommendation dated October 23, 2001 submitted by the probation officer. The probation officer discussed Petitioner's claim that his drug abuse had negatively impacted his life and that Petitioner did not appear capable of controlling his behavior. The probation officer noted Petitioner's alcohol consumption as problematic and contributing to his arrest

- 4 -

1  history and that Petitioner had not taken advantage of previous opportunities to change his
2  behavior. The probation officer recommended that Petitioner posed a risk to the community
3  and recommended that Petitioner should be committed to the Department of Corrections for
4  the presumptive term of 9.25 years of imprisonment.

5        At the October 24, 2001 sentencing hearing, the trial court stated that it had read and
6  reviewed the presentence report and its recommendations.  It thus appears that Petitioner's
7  history of drug and alcohol abuse was considered by the state sentencing court. Defense
8  counsel argued in favor of a sentence slightly higher than the minimum sentence, noting that
9  Petitioner had prior serious convictions but lacked education and skills for making a living
10 and that Petitioner had not been found in possession of a "huge amount of drugs."

11       In Arizona, "a trial judge has broad discretion as to what he may consider in
12 mitigation" of sentence. State v. Thurlow, 712 P.2d 929, 932 (Ariz. 1986).  The decision to
13 deviate from the presumptive sentence by finding a mitigating circumstance is within the
14 discretion of the sentencing court. Id., at 933; State v. Cazares, 72 P.3d 355, 426-27 (Ariz.
15 App. 2003). Petitioner was sentenced pursuant to a plea agreement that called for a maximum
16 term of 9.25 years of imprisonment.  This was the prison term imposed by the trial court.
17 Petitioner has not demonstrated that counsel's representation fell below the range of
18 competence demanded of attorneys in criminal cases or that any omission in failing to assert
19 Petitioner's drug abuse and addiction in mitigation of sentence was prejudicial. As mentioned
20 above, it appears that the sentencing court was aware of Petitioner's history of drug and
21 alcohol abuse as discussed in the presentence report. Petitioner has not shown that he would
22 have received a "better plea bargain" or a "better sentence" but for counsel's alleged errors.
23 Petitioner's objection to the Magistrate Judge's recommendation as to ground two is overruled.

24       The Court also has considered Petitioner's amended objections to the Report and
25 Recommendation.  In his amended objections, Petitioner has objected to the Magistrate
26 Judge's Report and Recommendation as to all grounds asserted.  As to grounds one, two and
27 four, Petitioner objects that he "sustains" his argument in his habeas petition and reply. Such
28

- 5 -

1  conclusory objections are insufficient and are overruled. Cf., Blackledge v. Allison, 431 U.S.
2  63, 75 n. 7 (1977)(a habeas petition must "state facts that point to a 'real probability of
3  constitutional error'").

4  Petitioner's objection as to ground three, that is, regarding his claim that the imposition
5  of a consecutive term of supervised release following the term of imprisonment violates the
6  Double Jeopardy Clause, is supported with some discussion and will be considered by this
7  Court. Petitioner objects that the Magistrate Judge is incorrect that a period of supervised
8  release is mandated in Arizona and contends that the trial court's imposition of a
9  "consecutive" supervised release term following a term of imprisonment constitutes a second
10 punishment.

11 Under A.R.S. § 13-603(I), if a person is convicted of a felony offense and the court
12 sentences the person to a term of imprisonment, "the court at the time of sentencing shall
13 impose on the convicted person a term of community supervision." Section 13-603(I) further
14 provides that "[t]he term of community supervision shall be served consecutively to the actual
15 period of imprisonment if the person signs and agrees to abide by conditions of supervision
16 established by the state department of correction." The term of community supervision shall
17 be equal to one day for every seven days of the sentence imposed. Id.

18 Petitioner objects to the reference to United States v. Soto-Olivas, 44 F.3d 788 (9th Cir.
19 1995), in the Report and Recommendation. In Soto-Olivas, the Court of Appeals for the
20 Ninth Circuit held that under the cited federal statute, a period of supervised release imposed
21 in addition to the period of incarceration is part of the entire sentence and constitutes
22 punishment for the original crime. Petitioner objects that the rationale in Soto-Olivas applies
23 to federal, not state, prisoners.

24 In State v. Jenkins, 970 P.2d 947 (Ariz. App. 1998), the Arizona Court of Appeals
25 considered a defendant's challenge that a community supervision requirement under
26 applicable statutes, including § 13-603(I), violates the prohibition against double punishment
27 and double jeopardy. Id., at 950. The appellate court held that the community supervision
28

1  requirement is "simply a part of the punishment imposed upon defendant" and does not violate
2  the Double Jeopardy Clause. Id., at 950-52. Petitioner's amended objection to the Magistrate
3  Judge's recommendation as to ground three is overruled.

**Accordingly**,

**IT IS ORDERED** that Petitioner's objections (Doc. 14) and amended objections (Doc. 18) to the Magistrate Judge's Report and Recommendation are overruled;

**IT IS FURTHER ORDERED** that the Court adopts the Magistrate Judge's Report and Recommendation (Doc. 13) in its entirety as the Order of this Court;

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 (Doc. 1) is dismissed with prejudice as to ground one and denied as to grounds two, three and four.

DATED this 23rd day of January, 2006.

_____
Mary H. Murguia
United States District Judge